**Robert H. BASS, Petitioner,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent.**

No. 98–1288.

United States Court of Veterans Appeals.

Sept. 23, 1998.

Before FARLEY, STEINBERG, and GREENE, Judges.

### ORDER

PER CURIAM:

On August 10, 1998, in a single-judge order, the Court denied the petitioner's petition for extraordinary relief in the nature of mandamus. On August 17, 1998, the petitioner filed a timely motion for reconsideration and, in the alternative, for review by a panel or the full Court, which the Court construes to be a motion for a panel decision.

Upon consideration of the foregoing, it is by the single judge

ORDERED that the motion for reconsideration is DENIED. It is by the panel

ORDERED that the motion for a panel decision is DENIED.

STEINBERG, Judge, concurring:

Although I voted to deny the petitioner's motion for panel decision, I note that he raises in his motion a question of whether the Department of Veterans Affairs has impeded action on his other claims by removing his claims file from the regional office (RO) without leaving copies for the RO to use in working on his other claims. In *Perry v. West*, the Court rebuked the Secretary for such delays "in light of the assurances provided to the Court in *Neumann* [*v. Brown*, U.S. Vet.App. No. 96–1726], as to 'earlier release of claims file by the [General Counsel's Office] and strategic copying of the claims files by the ROs and the Board [of Veterans' Appeals] for use in remands and motions for reconsideration' and as to the return of claims files to ROs as soon as

possible after the 30–day period for supplementing the [record on appeal] has expired in a particular case." *Perry,* 11 Vet.App. 319, 333 (1998) (quoting *Neumann* (Secretary's Response filed May 9, 1997, at 6)). Although the Court cannot address the petitioner's concerns here because he first raised this issue after the Court had ruled on his case, *see Savage v. Gober,* 10 Vet.App. 488, 498 (1997), had the petitioner complained initially, I would have voted to require the Secretary to respond, as did the Court in *Perry,* to the petitioner's allegations. *Perry,* 11 Vet.App. at 332.